**EX PARTE Mark Anthony JOHNSON, Applicant.**

**No. 73468.**

Court of Criminal Appeals of Texas.

Feb. 16, 2000.

Mark Anthony Johnson, pro se.

Michael J. Guarino, Dist. Atty., Galveston, Matthew Paul, State's Atty., Austin, for State.

## O P I N I O N

The opinion was delivered PER CURIAM.

This is a post-conviction application for a writ of habeas corpus forwarded to this Court under the provisions of Article 11.07, V.A.C.C.P. Applicant was convicted of possession of a controlled substance, and punishment was assessed at a term of twenty-five years imprisonment. Applicant's appeal was dismissed for lack of jurisdiction. *Johnson v. State*, No. 01–99–00151–CR, 1999 WL 164461 (Tex.App.—Houston [1 st Dist.], delivered March 25, 1999, no pet.).

Applicant contends that he was denied his right to a meaningful appeal because his counsel did not timely file notice of appeal. The trial court has entered findings of fact indicating that, although Applicant's trial counsel informed the visiting judge of Applicant's desire to appeal pretrial issues, he did not file written notice of appeal. The regular presiding judge did not become aware of Applicant's desire to appeal and appoint appellate counsel until after the time to properly invoke the Court of Appeals' jurisdiction. The trial court has recommended that this Court grant an out-of-time appeal.

We dismiss. This Court does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final. Art. 11.07 § 3(a) V.A.C.C.P.;[1] *Ex Parte Thomas*, 953 S.W.2d 286, 289 (Tex.Crim.App.1997); *Ex Parte Brown*, 662 S.W.2d 3 (Tex.Crim. App.1983); see also *Ex Parte Renier*, 734 S.W.2d 349 (Tex.Crim.App.1987) (Teague, J., dissenting) (discussing rationales for final felony conviction requirement). A direct appeal is final when the mandate from the court of appeals issues. *Carter v. State*, 510 S.W.2d 323, 324 (Tex.Crim.App. 1974). Prior to the mandate, a judgment is not final.[2]

Applicant's claim is not ripe, because the application for writ of habeas corpus was filed during the pendency of the direct appeal. Applicant filed his application in the trial court on April 28, 1999, prior to issuance of the mandate of the court of appeals on July 23, 1999. Consequently, any disposition of the merits of this case is premature, and the application is dismissed without prejudice. See *Ex Parte Torres*, 943 S.W.2d 469 (Tex.Crim.App. 1997) (discussing implications of a dismissal in regard to subsequent writ applications).

---

1. The statute provides: *"After final conviction* in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas." [emphasis supplied].

2. Although, as here, a court of appeals may have initially issued its opinion, while a motion for rehearing or petition for discretionary review is viable, the direct appeal continues.