IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20579
Conference Calendar

_____

EUGENIO MARTINEZ,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1611
- - - - - - - - - -
April 10, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Eugenio Martinez, Texas prisoner #681389, obtained a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition on the sole issue whether he had failed to exhaust his state remedies. Martinez argues that he filed this third state habeas petition after the Texas First Court of Appeals affirmed his conviction. Martinez also argues that his counsel was ineffective. The latter issue

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is not before the court.  Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

This court reviews the district court's determinations of law de novo and its findings of facts for clear error.  Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997).  Martinez filed his third state habeas petition before the mandate issued in his direct appeal.  Because the direct appeal was not yet final, the Texas Court of Criminal Appeals was without jurisdiction to consider Martinez's state habeas application.  Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000).  Martinez failed to present his claims in a procedurally proper manner under state law.  He therefore failed to exhaust his available state remedies.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).  Accordingly, the judgment of the district court dismissing the petition for failure to exhaust is

AFFIRMED.