James Charles **PORTLEY, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 06–02–00173–CR.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 30, 2002.

Decided Oct. 1, 2002.

Mary Ann Rea, Longview, for appellant.

Andrea Thompson, Assistant District Attorney, Longview, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

James Charles Portley appeals his conviction for attempted robbery. Portley pleaded guilty without a plea bargaining agreement, and the trial court sentenced him to ten years' imprisonment. The record shows the trial court pronounced sentence on April 15, 2002. Portley filed a motion for new trial on July 3, 2002. He filed his Notice of Appeal on September 10, 2002.

Rule 26.2 requires a notice of appeal to be filed "within 30 days after the day sentence is imposed or suspended in open court" or "within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial." Tex.R.App. P. 26.2. Portley's motion for new trial was untimely, having been filed more than thirty days after his sentence was imposed. *See* Tex. R.App. P. 21.4(a). His Notice of Appeal is also untimely, having also been filed more than thirty days after his sentence was imposed.

■ The record contains an Application for a Writ of Habeas Corpus to the Texas Court of Criminal Appeals in which Portley asserts he is being denied his right to appeal because his appointed counsel did not receive notice of her appointment until after the time ran for filing the notice of appeal. The record also contains the trial court's Order Granting Relief in which the trial court states Portley "should be granted an out of time appeal, with all appellate timetables beginning from the date of this order."

■ The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.2002). *Ashorn v. State,* 77 S.W.3d 405, 409 (Tex. App.-Houston [1st Dist.] 2002, pet. filed); *Rivera v. State,* 940 S.W.2d 148, 149 (Tex. App.-San Antonio 1996, no pet.); *George v. State,* 883 S.W.2d 250, 251 n. 3 (Tex.App.-El Paso 1994, no pet.); *see also Olivo v. State,* 918 S.W.2d 519, 525 n. 8 (Tex.Crim. App.1996) ("denial of a meaningful appeal due to ineffective assistance of counsel is a proper grounds [sic] for habeas corpus relief"). There is no order in the record from the Texas Court of Criminal Appeals granting Portley an out-of-time notice of appeal. Therefore, because his Notice of

Appeal is untimely, this court is without jurisdiction over the appeal. *Olivo*, 918 S.W.2d at 522.

The appeal is dismissed for want of jurisdiction.