NO. 07-03-0479-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 5, 2004
_____

ARTHUR GOODSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-429492; HON. BRADLEY UNDERWOOD, JUDGE
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Arthur Goodson attempts to appeal a judgment revoking probation granted after his conviction for delivery of a controlled substance. His notice of appeal was filed in the trial court November 7, 2003. A copy of the judgment attached to the notice of appeal and his docketing statement indicates sentence was imposed November 29, 2000.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996). Rule of Appellate Procedure 26.2(a)

requires a notice of appeal be filed within 30 days after the day sentence is imposed, or within 90 days after imposition of the sentence if a timely motion for new trial is filed. In either event, appellant's notice of appeal was untimely.

The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to Code of Criminal Procedure Article 11.07 (Vernon Supp. 2004). *Portley v. State*, 89 S.W.3d 188, 190 (Tex.App.--Texarkana 2002, no pet.). Because appellant's notice of appeal was untimely, this court has no jurisdiction to take any action but to dismiss the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *see Olivo*, 918 S.W.2d at 522.

Consequently, we dismiss the appeal for want of jurisdiction.


James T. Campbell
Justice


Do not publish.

2