United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 04-51062

———————————

CARLOS FLORES, JR.,

Petitioner-Appellant,

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

———————————

Appeal from the United States District Court for the
Western District of Texas

———————————

Before BARKSDALE, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:

Carlos Flores, Jr., appeals the district court's denial of
relief on his 28 U.S.C. § 2254 petition. We affirm the district
court's judgment on grounds that Flores' § 2254 petition is barred
by the one-year statute of limitations found in 28 U.S.C. §
2244(d).

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 25, 1999, a jury found Flores guilty of the felony
offenses of murder and deadly conduct. The court of appeals

affirmed Flores' conviction on August 23, 2000. He did not seek a petition for discretionary review. The court of appeals issued its mandate on November 17, 2000. Flores waited until November 15, 2001, to file his state habeas application, which was denied on April 2, 2003. He filed his federal habeas petition December 6, 2002, while the state application was still pending, and the respondent filed a motion to dismiss Flores' application as time-barred pursuant to the one-year statute of limitations found in 28 U.S.C. § 2244(d).

Respondent argued that the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review on September 22, 2000, thirty days after the court of appeals affirmed Flores' conviction, which constituted the date on which Flores could not seek further direct review.[1] Because the period for Flores to timely file a habeas application therefore expired on September 22, 2001, the state application he filed on November 15, 2001, had no tolling effect. The district court invoked equitable tolling, reached the petition's merits, and denied relief. Flores now appeals the district court's denial of relief.

## II. STANDARD OF REVIEW

---

[1]Texas Rule of Appellate Procedure 68.2 provides that a petition for discretionary review must be filed within 30 days after the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.

We review the district court's decision to invoke equitable tolling for an abuse of discretion. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). A court abuses its discretion when it makes an error of law. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

### III. DISCUSSION

In *Roberts v. Cockrell*, we held that a state conviction becomes final when the time for seeking direct review expires, regardless of when the state court issues its mandate. 319 F.3d 690, 694 (5th Cir. 2003). Under *Roberts*, Flores' conviction became final on September 22, 2000, thirty days after the court of appeals affirmed the trial court's judgment.[2] *Roberts* had not yet been decided when Flores filed his application,[3] however, and some uncertainty existed at that time as to when a conviction is made final for purposes of the § 2244(d) statute of limitations. Under

---

[2]While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, Flores did not file his state application until November 15, 2001 — more than one year after his sentence became final, and almost two months after the statute of limitations expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(holding that state applications filed after expiration of limitations period do not toll limitations period).

[3]If the holding in a case is applied retroactively to the parties in that case, it must be applied retroactively to the parties in other cases. *See Sterling v. Block*, 953 F.2d 198, 199 (5th Cir. 1992). We applied the holding of *Roberts* to the parties therein and affirmed the dismissal of the § 2254 petition as time-barred; the holding of *Roberts* is thus also retroactively applicable to Flores.

3

Texas law, a direct appeal is final when the court of appeals issues its mandate. *See Ex Parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000). In contrast, § 2244(d)(1)(A) directs that a conviction is final at "the expiration of the time for seeking [discretionary] review."

A split existed among circuits as to whether federal or state law controlled the issue at the time Flores filed his petition.[4] There was also disagreement among the district courts of this Circuit.[5] It is understandable that Flores' counsel may have believed that his conviction was not final until the court of appeals issued its mandate. *See Roberts*, 319 F.3d at 693 ("The assertion that we should look to state law to determine when a state conviction is final is not without support."). At the time of Flores' correct application deadline, September 22, 2001, the

---

[4]*See, e.g.*, *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that under Florida law, issuance of mandate on direct appeal makes criminal judgment final, and that that date will be used for purposes of § 2244(d)(1)(A)**).** *But see Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001) (rejecting, for purposes of § 2244(d)(1)(A), use of Washington state law which views issuance of mandate as making conviction final).

[5]*See Mott v. Johnson*, No. 3:01-CV-0171-R, 2001 WL 671476, at *2 (N.D. Tex. June 12, 2001) (stating that petitioner's conviction became final thirty days after court of appeals rendered judgment). *But see Royale v. Cockrell*, No. 3:01-CV-1063-X, 2001 WL 1148946, at *3 (N.D.Tex. Sept. 18, 2001) (stating that "finality of a judgment is determined pursuant to state law" which holds that judgment does not become final until mandate has issued)*; Howard v. Johnson*, No. 3:00-CV-2032-P, 2001 WL 720489, at *2 (N.D. Tex. June 21, 2001)(same)*; Rose v. Johnson*, No. 3:01-CV-0386-M, 2001 WL 880689, at *1 (N.D. Tex., June 21, 2001)(same)*; Hunt v. Johnson*, No. 3:01-CV-0578-M, 2001 WL 484191, at *1 (N.D. Tex, May 3, 2001)(same).

4

district courts in the Northern District of Texas were not in agreement.

The Fifth Circuit had not yet spoken on the issue, none of the district courts had issued published opinions, and the most recent federal appellate opinion, *Wixom v. Washington*, held that federal law controlled. 264 F.3d at 897-98. The question was certainly not settled.

Equitable tolling of the one-year limitations period is appropriate only in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000)(internal quotation marks and citations omitted). We have previously "made it clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling." *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002). Flores' counsel should have been aware of the circuit split, as well as the conflicting district court case three months earlier. Despite the handful of district court cases to the contrary, it was still unclear whether state or federal law controlled; Flores should have elected to err on the side of caution and abide by the earlier of the two possible deadlines. *See Fierro*, 294 F.3d at 683 (stating that "such uncertainty should have militated *against* taking an unnecessary risk by waiting to file a motion for authorization and habeas petition").

This Court, "and the district courts, guided by precedent,

must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)(citation omitted). Nothing in the record suggests that Flores' situation was unique for the purposes of equitable tolling, nor that the state or court in any way prevented him from asserting his rights.[6]

The district court based its decision to invoke equitable tolling on the premise that Flores faced a dilemma between filing his state habeas application within the one-year limitations period, and exhausting his claims in state court. While it is true that, under Texas law, a state habeas application filed before the issuance of the court of appeal's mandate is premature and is subject to dismissal without prejudice, *see Ex Parte Johnson*, 12

---

[6]It is true that we have invoked equitable tolling when a federal district court order unintentionally misled a petitioner into believing that a subsequent federal writ petition would not be time-barred. *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000). We also did not find an abuse of discretion when a district court concluded this Court similarly could have misled a petitioner into believing that a subsequent federal writ petition would not be time-barred. *Alexander v. Cockrell*, 294 F.3d 626, 629-30 (5th Cir. 2002). However, both cases, unlike here, concerned orders or opinions directed at the particular petitioner.

S.W.3d at 473, the court of appeals issued its mandate on November 17, 2000, leaving Flores nearly ten months in which to file his habeas application. Rather than placing Flores "in a bind," as the district court thought, ten months was ample time for him, with the assistance of counsel, to compose a habeas petition for filing in state and federal court. *See Fisher*, 174 F.3d at 715 (pro se petitioner who was incapacitated when placed in psychiatric ward for seventeen days not entitled to equitable tolling where he still had over six months to complete his federal habeas petition after his return to his usual quarters). Rather than diligently pursuing his relief, however, Flores waited until November 15, 2001 — only two days shy of what he thought was the deadline — to file for state habeas relief. *See Coleman*, 184 F.3d at 403 ("In order for equitable tolling to apply, the applicant must diligently pursue his §2254 relief.").

In the absence of "rare and exceptional circumstances," the district court abused its discretion in invoking equitable tolling where Flores, in the face of uncertainty as to which date to abide by, elected the later date.

Given that Flores' petition was time-barred, we do not reach the merits of Flores' claims of ineffective assistance of counsel.

## IV. CONCLUSION

For the foregoing reasons, we affirm the district court's judgment on grounds that Flores' § 2254 petition is barred by the one-year statute of limitations.

7