NO. 07-08-0267-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2008
_____

JOSEPH AKA JOEY H. JEFFREY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418170; HONORABLE WELDON KIRK, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Joseph Jeffrey, (aka Joey H. Jeffrey), seeks to appeal a judgment convicting him of intoxicated assault with a vehicle and imposing a life sentence. A copy of the judgment included in the clerk's record and appellant's docketing statement indicate sentence was imposed May 20, 2008. His notice of appeal was filed in the trial court on June 23, 2008. Finding we have no jurisdiction to consider the appeal, we dismiss it.

By letter, this Court informed appellant that the notice of appeal did not appear timely and directed him to file any documents or matters considered necessary for the Court to determine its appellate jurisdiction. In response, his counsel has submitted an affidavit in which he describes the circumstances that caused him to file the notice of appeal on June 23. Counsel's affidavit concludes this Court is without jurisdiction to hear the appeal. We agree.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App.1996). Rule of Appellate Procedure 26.2(a) requires a notice of appeal be filed within 30 days after the day sentence is imposed in open court, or within 90 days after imposition of the sentence if a timely motion for new trial is filed. No motion for new trial was filed in this case.

The rules permit an appellate court to extend the time to file a notice of appeal, under a procedure outlined in Rule of Appellate Procedure 26.3. Appellant did not initiate that procedure in this case. Appellant's notice of appeal, filed more than thirty days after imposition of sentence in open court, was untimely.

The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to Code of Criminal Procedure article 11.07. Tex. Code Crim. Proc. Ann art. 11.07 (Vernon Supp. 2004); *Portley v. State*, 89 S.W.3d 188, 190 (Tex.App.–Texarkana 2002, no pet.). Because appellant's notice of appeal was untimely, this Court has no jurisdiction to take any action but to dismiss the

appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *see Olivo*, 918 S.W.2d at 522.

Consequently, we dismiss the appeal for want of jurisdiction.


James T. Campbell
Justice


Do not publish.