NO. 07-08-0267-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2008
                                       ______________________________

JOSEPH AKA JOEY H. JEFFREY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-418170; HONORABLE WELDON KIRK, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Joseph Jeffrey, (aka Joey H. Jeffrey), seeks to appeal a judgment convicting him
of intoxicated assault with a vehicle and imposing a life sentence. A copy of the judgment
included in the clerk’s record and appellant’s docketing statement indicate sentence was
imposed May 20, 2008. His notice of appeal was filed in the trial court on June 23, 2008. 
Finding we have no jurisdiction to consider the appeal, we dismiss it.
 
          By letter, this Court informed appellant that the notice of appeal did not appear
timely and directed him to file any documents or matters considered necessary for the
Court to determine its appellate jurisdiction. In response, his counsel has submitted an
affidavit in which he describes the circumstances that caused him to file the notice of
appeal on June 23. Counsel’s affidavit concludes this Court is without jurisdiction to hear
the appeal. We agree.
          Our appellate jurisdiction is triggered through a timely notice of appeal. Olivo v.
State, 918 S.W.2d 519, 522 (Tex.Crim.App.1996). Rule of Appellate Procedure 26.2(a)
requires a notice of appeal be filed within 30 days after the day sentence is imposed in
open court, or within 90 days after imposition of the sentence if a timely motion for new trial
is filed. No motion for new trial was filed in this case. 
          The rules permit an appellate court to extend the time to file a notice of appeal,
under a procedure outlined in Rule of Appellate Procedure 26.3. Appellant did not initiate
that procedure in this case. Appellant’s notice of appeal, filed more than thirty days after
imposition of sentence in open court, was untimely.
          The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas
corpus from the Texas Court of Criminal Appeals pursuant to Code of Criminal Procedure
article 11.07. Tex. Code Crim. Proc. Ann art. 11.07 (Vernon Supp. 2004); Portley v. State,
89 S.W.3d 188, 190 (Tex.App.–Texarkana 2002, no pet.). Because appellant’s notice of
appeal was untimely, this Court has no jurisdiction to take any action but to dismiss the
appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); see Olivo, 918
S.W.2d at 522. 
          Consequently, we dismiss the appeal for want of jurisdiction.
 
                                                               James T. Campbell
                                                                           Justice
 
 
 
 
Do not publish. 



 The fact that the expert's
opinion has not been published or evaluated in professional journals does not compel a
determination that his opinion is wrong, however the absence of any review or evaluation
by third parties renders his personal opinion unreliable. See Couch, 108 S.W.3d at 341-42. 

 To constitute evidence of causation, an expert opinion must rest in reasonable
medical probability. Insurance Co. of North America v. Myers, 411 S.W.2d 710, 713 (Tex.
1966). Later, in Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 500 (Tex. 1995), the
Court acknowledged the need to avoid opinions based on speculation and conjecture. 
Even assuming that Lustbader's opinion based on his personal experience in Washington
D.C. is correct, a question we do not decide, the absence of medical literature at this time
and general knowledge in the medical community of the procedure recommended by
Lustbadfer renders a determination of the foreseeability element of proximate cause
speculative. See Leitch v. Hornsby, 935 S.W.2d 114, 119 (Tex. 1996).

 Brazil suggests that Marvelli v. Alston, 100 S.W.3d 460, 479 (Tex.App.--Fort Worth
2003, pet. denied), supports his position that the absence of medical literature does not 
render the opinion merely subjective and ipse dixit statements. However, Marvelli is not
controlling because, considering the evidence presented there, the gatekeeper concluded
that the expert's opinions were not merely subjective ipse dixit statements unsupported by
scientific principle or data and were reliable. Moreover, the Robinson factors do not
constitute the legal equivalent of a litmus test, but instead, furnish guidelines for the trial
court to use in determining the relevance and reliability requirements in discharging its duty
as the gatekeeper. Here, however, based on the evidence before it, in exercising its
discretion, the gatekeeper excluded the expert's opinion as to causation. Concluding that
Brazil has not met his burden, we find the trial court did not abuse its discretion in striking
Lustbader's expert testimony regarding causation and, consequently signing the partial
summary judgment. Brazil's sole issue is overruled.

 Accordingly, the interlocutory order granting the no-evidence summary judgment in
part is affirmed.

 Don H. Reavis

 Justice