NO. 07-10-00145-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 11, 2010

HERBERT PARMER, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT OF FREESTONE COUNTY;

NO. 22436; HONORABLE LINDA K. GRANT, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Herbert Parmer, Jr. seeks to appeal a judgment convicting him of indecent exposure and imposing on him a sentence of 120 days jail time with credit for time served and court costs. The judgment included in the clerk's record indicates sentence was imposed on August 10, 2009. His motion for new trial and notice of appeal were filed in the trial court on September 11, 2009.

By letter, this Court informed appellant that the notice of appeal did not appear timely and directed him to file any documents or matters considered necessary for the Court to determine its appellate jurisdiction. No response has been received.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996). Rule of Appellate Procedure 26.2(a) requires a notice of appeal be filed within 30 days after the day sentence is imposed in open court, or within 90 days after imposition of the sentence if a timely motion for new trial is filed. The motion for new trial was not timely filed in this case.

The rules of appellate procedure provide for an extension of time to file the notice of appeal if "such notice is filed within fifteen days after the last day allowed and within the same period a motion is filed in the court of appeals reasonably explaining the need for such extension." Tex. R. App. P. 26.3. Both the notice of appeal and the extension motion must be filed within the time provided by the rules. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *Olivo*, 918 S.W.2d at 522. Appellant's notice of appeal, filed more than thirty days after imposition of sentence in open court, without a motion for extension, was untimely.

The appropriate vehicle for seeking an out-of-time appeal is by writ of habeas corpus from the Texas Court of Criminal Appeals pursuant to Code of Criminal Procedure article 11.07. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2007); *Portley v. State*, 89 S.W.3d 188, 190 (Tex.App.—(Texarkana 2002, no pet.). Because appellant's notice of appeal was untimely, this Court has no jurisdiction to take any

2

action but to dismiss the appeal.  *Slaton*, 981 S.W.2d at 210; *see Olivo*, 918 S.W.2d at 522.

Consequently, we dismiss the appeal for want of jurisdiction.


                                                    James T. Campbell
                                                         Justice


Do not publish.