# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00648-CR

**John Arick Coleman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 62,909, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Arick Coleman was convicted by a jury of capital murder. *See* Tex. Penal Code § 19.03 (West 2011). Because the State waived the death penalty, the trial court imposed the mandatory sentence of life imprisonment without parole. *See* Tex. Penal Code § 12.31(a)(2) (West 2011). On appeal, Coleman's court-appointed counsel filed a brief concluding that the appeal was frivolous and without merit, in accordance with *Anders v. California*, along with a motion to withdraw as counsel. Coleman was provided a copy of counsel's brief and advised of his right to examine the record and file a *pro se* brief. Coleman requested, and was granted, two extensions of time in which to file his *pro se* brief. However, Coleman never filed a *pro se* brief or any other written response. We conducted an independent review of the record and concluded that no reversible error existed and agreed with counsel that an appeal was frivolous. Accordingly, we affirmed the judgment of the trial court. *See Coleman v. State*, No. 03-10-00173-CR,

2010 WL 4367003, *1 (Tex. App.—Austin Nov. 5, 2010). The mandate affirming the trial court's judgment was issued on February 2, 2011.

On October 14, 2011, this Court received Coleman's *pro se* Notice of Appeal. Coleman has already appealed this conviction and mandate has issued. He is not entitled to a second appeal of this conviction. The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5 (West Supp. 2010) (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner").

In addition, although the clerk's record filed in this appeal contains Coleman's *pro se* request for an out-of-time appeal, the Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (Court of Criminal Appeals is the only court with jurisdiction in final post-conviction felony proceedings); *Portley v. State*, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.) (appropriate vehicle for seeking out-of-time appeal is by writ of habeas corpus from the Court of Criminal Appeals pursuant to article 11.07 of Texas Code of Criminal Procedure).

This Court lacks jurisdiction to consider a second appeal from this final conviction or to grant an out-of-time appeal. Therefore, we dismiss this appeal for lack of jurisdiction.

2

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   December 8, 2011

Do Not Publish