Opinion filed April 19,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00104-CR

                                                    __________

 

                                 IN
RE HORACIO JOSE DOHNAL



 

                                         Original
Mandamus Proceeding



 

                                            M
E M O R A N D U M    O P I N I O N

            Appearing pro se, relator Horacio Jose Dohnal, a prison inmate, has filed a petition
for writ of mandamus.  In his petition, relator asserts that the district judge
of the 35th District Court of Brown County has failed to rule on his motion for
an out-of-time appeal.  He requests an order from this court directing the
district judge to rule on his motion.  Finding we lack jurisdiction, we will
dismiss the petition.

We
first note that relator has not filed a proper record or appendix with his
petition.  In an original mandamus proceeding, the petition must be accompanied
by a certified or sworn copy of every document that is material to a relator’s
claim for relief and that was filed in any underlying proceeding.  See Tex. R. App. P. 52.7(a)(1).  Relator
has not filed any documents supporting his mandamus petition.  Thus, relator’s
petition states facts not supported by evidence included in an appendix or
record.  A relator’s burden on mandamus includes meeting the requirement that
“[e]very statement of fact in the petition [is] supported by citation to
competent evidence included in the appendix or record.”  Tex. R. App. P. 52.3(g).  In short, a
relator must supply a record sufficient to establish the right to mandamus
relief.  See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992).

            While
relator’s failure to comply with Tex. R.
App. P. 52 would ordinarily require denial of his petition, we must
dispose of this proceeding on a different ground.  The substance of the relief that
relator seeks by mandamus is essentially a request for postconviction habeas
corpus relief because he is seeking an order from this court in support of his
request for an out-of-time appeal.  Article 11.07 vests complete jurisdiction
over postconviction relief from final felony convictions in the Texas Court of
Criminal Appeals.  Tex. Code Crim. Proc.
Ann. art. 11.07 (West Supp. 2011); Hoang v. State, 872 S.W.2d
694, 697 (Tex. Crim. App. 1993); Ater v. Eighth Ct. of Appeals, 802
S.W.2d 241, 243 (Tex. Crim. App. 1991).  The Texas Court of Criminal Appeals is
the only court with jurisdiction to consider a motion for an out-of-time
appeal.  See Ater, 802 S.W.2d at 243.  The appropriate vehicle for
seeking an out-of-time appeal is by pursuing a writ of habeas corpus from the
Court of Criminal Appeals pursuant to Article 11.07.  Portley v. State,
89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.).  The courts of appeals
have no authority to issue writs of mandamus in criminal law matters pertaining
to proceedings under Article 11.07.  In re McAfee, 53 S.W.3d 715, 718
(Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

            Accordingly,
we dismiss relator’s petition for want of jurisdiction.

 

                                                                                                PER
CURIAM                                   

 

April 19, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.