**Opinion filed April 19, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00104-CR

_____

## IN RE HORACIO JOSE DOHNAL

### Original Mandamus Proceeding

## M E M O R A N D U M   O P I N I O N

Appearing pro se, relator Horacio Jose Dohnal, a prison inmate, has filed a petition for writ of mandamus. In his petition, relator asserts that the district judge of the 35th District Court of Brown County has failed to rule on his motion for an out-of-time appeal. He requests an order from this court directing the district judge to rule on his motion. Finding we lack jurisdiction, we will dismiss the petition.

We first note that relator has not filed a proper record or appendix with his petition. In an original mandamus proceeding, the petition must be accompanied by a certified or sworn copy of every document that is material to a relator's claim for relief and that was filed in any underlying proceeding. _See_ TEX. R. APP. P. 52.7(a)(1). Relator has not filed any documents supporting his mandamus petition. Thus, relator's petition states facts not supported by evidence included in an appendix or record. A relator's burden on mandamus includes meeting the requirement that "[e]very statement of fact in the petition [is] supported by citation to competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(g). In short, a relator must supply a

record sufficient to establish the right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

While relator's failure to comply with TEX. R. APP. P. 52 would ordinarily require denial of his petition, we must dispose of this proceeding on a different ground. The substance of the relief that relator seeks by mandamus is essentially a request for postconviction habeas corpus relief because he is seeking an order from this court in support of his request for an out-of-time appeal. Article 11.07 vests complete jurisdiction over postconviction relief from final felony convictions in the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Hoang v. State*, 872 S.W.2d 694, 697 (Tex. Crim. App. 1993); *Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). The Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal. *See Ater*, 802 S.W.2d at 243. The appropriate vehicle for seeking an out-of-time appeal is by pursuing a writ of habeas corpus from the Court of Criminal Appeals pursuant to Article 11.07. *Portley v. State*, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.). The courts of appeals have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under Article 11.07. *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we dismiss relator's petition for want of jurisdiction.

PER CURIAM

April 19, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.