

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,749 & 76,750

### Ex parte WILLIAM ELMER HASTINGS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NOS. W08-56619-V(A) & W09-00729-V(A)
### FROM DALLAS COUNTY

**Per curiam. KELLER, P.J., not participating.**

### O P I N I O N

These cases deal with whether an application for a writ of habeas corpus filed under

Article 11.07 is timely when the applicant files it on the same day that a court of appeals

issues its mandate in the applicant's direct appeal. We hold that, absent contrary evidence,

a mandate is presumed to issue at 9:00 a.m. on the day the court of appeals issues it, thereby

making any writ application filed later in the day timely.

On February 19, 2010, applicant entered a plea of *nolo contendere* to two indictments

alleging aggravated sexual assault of a child under fourteen years of age. The trial judge

sentenced him to fifteen years in prison on each conviction. The Fifth Court of Appeals upheld his convictions in an unpublished opinion on April 7, 2011.[1] This Court denied applicant's petitions for discretionary review on October 12, 2011. The Court of Appeals issued its mandate on January 10, 2012. Applicant filed his writ applications with the convicting court on that same day at 12:38 p.m. The State filed its response to the applications, addressing the merits of applicant's claims, on January 25, 2012. But, on February 8, 2012, the habeas judge signed an order stating that it did not have jurisdiction to address the merits of applicant's claims, asserting that applicant "did not file his application[s] *after* the mandate from the court of appeals issued." Finding that applicant filed his applications too soon, the trial judge sent the applications and all associated documents to this Court without addressing the merits of applicant's claim.

The convicting court does not have jurisdiction to consider a post-conviction application for a writ of habeas corpus under Article 11.07[2] until after the court of appeals issues the mandate in the underlying direct appeal. *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) ("Prior to the mandate, a judgment is not final."). In this case, the mandate issued on the same day the applications were filed, but the record fails to show

---

[1] *Hastings v. State*, No. 05-10-00264-CR & No. 05-10-00265-CR (Tex. App.–Dallas April 7, 2011 pet. denied) (not designated for publication).

[2] TEX. CODE CRIM. PROC. art. 11.07, § 3(a) ("After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas").

which event occurred first.[3]

This is a common situation that requires a uniform rule to provide guidance to the bench, bar, and prospective habeas applicants and to reduce unnecessary and duplicative filings, which waste scarce judicial time and resources without apparent benefit.[4]

We therefore hold that, absent evidence to the contrary, a direct-appeal mandate is presumed to have issued at 9:00 a.m. on the date it issues. This presumption may be rebutted with evidence that the mandate actually issued later in the day and after the writ application was filed in the convicting court. A district court will therefore have jurisdiction over a writ application filed after 9:00 a.m. on the day the mandate issues in the underlying direct appeal unless evidence to the contrary appears in the habeas record.

Applying this presumption in these cases, we conclude that the convicting court did have jurisdiction to address the merits of applicant's claims. We remand these cases so that the judge of the convicting court may address the merits of applicant's claims.

Delivered: May 16, 2012
Publish

---

[3] The applications were time-stamped at 12:38 p.m., but there is no copy of the mandate in the habeas corpus record. Thus we do not know the precise time that it was issued.

[4] An application that is filed before the mandate issues requires the State to respond, the convicting court to make a determination of timeliness, and transmittal of all papers to this Court to make a final determination of jurisdiction. If this Court dismisses the original application for want of jurisdiction, the applicant simply begins all over again, refiling another application and starting the process anew.