This document contains some pages that are of poor quality at the time of imaging.

Sect 22, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 29 2015

Abel Acosta, Clerk

ABLE ACOSTA, CLERK
TEXAS COURT OF CRIMINAL APPEALS
P.O. Box 12308, Capitol Station
Austin, Texas 78711

IN RE: Ex parte Sven Erik Johansson, Writ No. WR-83,619-01


TO ABEL ACOSTA, CLERK:

Today I received two (2) "White Cards", 1 on Writ No. Wr-83,619-01, Trl. Crt No. 10,205, on which I filed my Art. 11.07 Writ of Habeas Corpus, Denying me Mandamus, &, Writ No. WR-83,619-02, on an alleged Trial Court No. 23,645 which I have filed NO Art. 11.07 on since I have NO idea where this number came from. There cannot be a final c conviction or even a "Conviction not final" as I have NO idea what you or the trial court is speaking of.

I filed my Art. 11.07 Writ of Habeas Corpus on Trial Court No. 10,205, a DOUBLE JEOPARDY issue clear and simple. As Cause No. 10,205 [is] a "Final Conviction" that was over (probation completed) on Sept. 25, 2011, then to arrest me again some 17 moonths later and re-try me on the same offense twice makes for a Double Jeopardy, and hence, illegal, conviction that requires a decision by the Court per Due Process of Law. To DENY the Writ without written order is a clear denial of Due Process of Law. I requrie the name of the Judge who so entered the Order to this affect. I have a legal Right to have all the information I need to bring a complaint to the State Commission on Judicial Conduct. Should it be found that NO Judge so entered the Order, then the offending party will be up on charges.

The ONLY Writ that I have filed is on trial court number 10,205 so should be the only Writ in the Court for decision. Nothing else. Ex parte JOHNSON, 12 S.W.3d 472 (Tx.Crim.App. 2000) does not apply.

I am sending a copy of this letter to an attorney I know, to the trial court, and, to the FBI as I have filed NO Art. 11.07 Writ on any case except the illegal conviction that I now sit illegally imprisoned on. I await your reply.

Respectfully submitted,

/s/ Sven Erik Johansson

Sven E. Johansson 1465256
C.T. Terrell
1300 FM 655
Roshaorn, Texas 77583


Dated & documented

## Notice
### Court of Criminal Appeals of Tx.

On 9-22-15 I received a white card, dated 9-16-15, it states Johansson, Sven Erik Tr. Ct. No. Writ No. 23,645 WR-83,619-02 This is to advise that your application for writ of habeas corpus has been dismissed. Conviction not final; mandate not issued at time application filed in trial court. See Ex-parte Johnson, 12 S.W. 3d 472 (Tx. Crim. App 2000).

I would like to make it clear to this court that I did not file a 11:07 writ of habeas corpus under any cause No. other than 10,205, I did not file a writ under Tr. Ct. No. 23,645. It is my belief that this court has been deceived by the trial court, for this reason I am asking the court of criminal Appeals Tx. to order the dist. court to send me a copy of everything it has file with the court of criminal appeals, I have ~~tried~~ tried to get records before and get no response from the Tr. Ct.

This is a cause of motion to revoke community supervision that the original term had been expired by 17 seventeen months, therefore the Tr. Ct. did not have Jurisdiction see Ex-parte Jecia Jarette Moss, Applicant Court of Criminal appeals of Tx. 446 S.W. 3d 786; 2014 Tex. Crim. App. Lexis 1761 WR-No 76,635-03

Nov, 5, 2014 dilivered, also see James David Peackock v State of Tx. No 1750-00 court of criminal app. Tx. 5-24-2002, Ex-parte Johny Rex Fulce, applicant No. 73,161 Ct. of Crim. App. of Tx. May 19, 1999, Davis v. State (app. 13 dist. 2004) 150 S.W. 3d 708.

To the best of my knowledge there has never been notice of appeal or has any one told me that I could appeal this, this is the reason I filed 11:07 writ habeas corpus, so I pray this court will not make me refile for I have already been locked up ilegaly for more than two and one haff years.

Operation of Law: Conviction becomes "final" 30 days after a plea is entered: or 30 days after jury trial if no appeal was filed: or 30 days after direct appeal is denied, unless P.D.R. is filed, then your conviction does not become final until 90 days after the PDR is denied: 90 days is for filing writ of certiari see: (Gamble 2000)

Sven Erik Johansson
*Sven Erik Johansson*
9 22 2015