# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00480-CR

**Andrew Scott Conroy, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 70183, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2013, appellant Andrew Scott Conroy pled guilty to "obstruction or retaliation," *see* Tex. Penal Code § 36.06, and the trial court signed an order of deferred adjudication, placing appellant on community supervision for six years. On February 2, 2015, after appellant pled true to various alleged violations of his terms of community supervision, the trial court signed an order adjudicating his guilt and sentencing him to ten years' confinement. On July 13, 2015, appellant filed a "notice of out-of-time appeal," stating he wished to appeal "based on [insufficient] counsel among other things."[1]

A notice of appeal must be filed within thirty days of the date sentence is imposed in open court, unless a motion for new trial is filed, in which case the notice of appeal is due ninety

---

[1] Appellant's notice of appeal is file-stamped July 13, 2015, but he dated it June 17, 2015. This discrepancy does not affect the outcome of the jurisdictional inquiry, however.

days after sentence is imposed. Tex. R. App. P. 26.2(a). Appellant did not file a motion for new trial and, therefore, his notice of appeal was due March 4. Further, although appellant's notice of appeal states he wants to take an out-of-time appeal, the Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (court of criminal appeals has exclusive jurisdiction in final post-conviction felony proceedings); *Portley v. State*, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.) (appropriate vehicle for seeking out-of-time appeal is by writ of habeas corpus from court of criminal appeals under Tex. Code Crim. Proc. art. 11.07).

Because appellant's notice of appeal was not timely filed, we lack jurisdiction to consider his appeal. We therefore dismiss the appeal for want of jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed: October 2, 2015

Do Not Publish