# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00714-CR

---

**George Mendoza, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 33RD DISTRICT COURT OF BURNET COUNTY
NO. 35,161, JUDGE GUILFORD L. JONES, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Appellant George Mendoza, Jr. seeks to appeal his 2010 final judgments of conviction for the felony offenses of indecency with a child by sexual contact and sexual assault of a child. *See* Tex. Penal Code §§ 21.11(a)(1), 22.011. Mendoza's notice of appeal filed October 8, 2019, states that he is seeking an out-of-time appeal for an "illegal" and "void" conviction.

However, the proper vehicle for seeking an out-of-time appeal is a writ of habeas corpus from the Texas Court of Criminal Appeals. *Portley v. State*, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.); *see* Tex. Code Crim. Proc. art. 11.07. This Court has no jurisdiction to grant such habeas-corpus relief from a final felony conviction. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483

(Tex. Crim. App. 1995) ("Jurisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with this Court."); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) ("It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction.").

Moreover, the trial court has certified that this is a plea-bargain case, that Mendoza has no right of appeal, and that Mendoza has waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2), (d).

Accordingly, we dismiss the appeal for want of jurisdiction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   October 17, 2019

Do Not Publish

2