# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00402-CR

---

**Jamie Eugene Cotton, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CR25,830, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Jamie Eugene Cotton filed a notice of appeal from his judgment of conviction for the third-degree felony offense of failure to comply with sex-offender-registration requirements. *See* Tex. Code Crim. Proc. art. 62.102(b)(2). The notice of appeal is untimely.

In criminal cases, a notice of appeal must be filed within 30 days after the day sentence is imposed in open court or within 90 days after the day sentence is imposed in open court if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a). Here, Cotton's sentence was imposed on October 15, 2020, and he did not file a motion for new trial. Thus, his notice of appeal was due on or before November 16, 2020. Cotton did not file his notice of appeal until July 5, 2022.

Although Cotton seeks an out-of-time appeal, nothing in the record reflects that he has been granted an out-of-time appeal. The Texas Court of Criminal Appeals is the only

court with jurisdiction to consider a motion for an out-of-time appeal after a final felony conviction. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (stating that Court of Criminal Appeals has jurisdiction to consider application for writ of habeas corpus under article 11.07 of Texas Code of Criminal Procedure only after final felony judgment); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *Portley v. State*, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.) (stating that proper vehicle for seeking out-of-time appeal is application for writ of habeas corpus filed with Court of Criminal Appeals under article 11.07 of Texas Code of Criminal Procedure).

Without a timely filed notice of appeal, we lack jurisdiction to dispose of this appeal in any manner other than by dismissing it for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996). Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed: August 5, 2022

Do Not Publish