

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,889-04

### EX PARTE ROBERT WILLIAM MOORE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1672800-B IN THE 209TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of theft and sentenced to six years' imprisonment. The First Court of Appeals affirmed his conviction. *Moore v. State*, No. 01-21-0012-CR (Tex. App.—Houston [1ˢᵗ Dist.] Mar. 1, 2022) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On June 22, 2022, the Court dismissed this application for non-compliance with Rule 73.1 of the Texas Rules of Appellate Procedure. About a week later, the Court received a supplemental record from the trial court containing an amended, compliant application that Applicant had filed the on June 21, 2022. Given that Applicant's amended application was filed before the Court handed

down the case, the Court now reconsiders on its own motion the dismissal of this application for non-compliance.

However, this Court concludes that Applicant's application should still be dismissed. At the time Applicant filed his initial application on April 24, 2022, mandate had not issued and thus his conviction was not final. *See Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000). Consequently, after reconsideration on the Court's own motion, this application is again dismissed.

Copies of this order shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Filed:              September 28, 2022
Do not publish