**Opinion filed September 19, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00204-CR

_____

**POLITO TREVINO III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR57538**

## M E M O R A N D U M   O P I N I O N

Appellant, Polito Trevino III, pled guilty to the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2023). He pled "true" to the habitual offender enhancement allegations, which subjected him to a punishment range of imprisonment for no less than twenty-five years but not more than ninety-nine years, or life. *See* PENAL § 12.42(d) (West

2019).   On August 4, 2022, pursuant to a negotiated plea agreement between Appellant and the State, the trial court sentenced Appellant to imprisonment for twenty-five years in the Institutional Division of the Texas Department of Criminal Justice.

On July 25, 2024, Appellant filed an untimely notice of appeal from the trial court's judgment of conviction.  Upon receipt of the notice of appeal, we notified Appellant by letter that his pro se notice of appeal appeared to be untimely and requested a response showing grounds to continue the appeal.  *See* TEX. R. APP. P. 26.2(a).  We have not received a response.

A timely filed notice of appeal is essential to vest the court of appeals with jurisdiction.  *Id.*; *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996).  To be timely, the notice of appeal must be filed: (1) within thirty days after the date sentence is imposed in open court; or (2) if the defendant timely filed a motion for new trial, within ninety days after sentencing.  TEX. R. APP. P. 26.2(a).  Appellant did not file a motion for new trial, and he filed his pro se notice of appeal 721 days after his sentence was imposed in open court.  The notice of appeal was therefore untimely, and we are without jurisdiction to consider a motion for an out-of-time appeal from a final felony conviction.  *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (The Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings."); *Portley v. State*, 89 S.W.3d 188, 189 (Tex. App.—Texarkana 2002, no pet.) (The proper vehicle for seeking an out-of-time appeal is an application for writ of habeas corpus filed with the Court of Criminal Appeals under Article 11.07 of the Texas Code of Criminal Procedure.).  Consequently, we cannot exercise jurisdiction over Appellant's appeal, and must dismiss it.  *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998);

*Olivo*, 918 S.W.2d at 522–23; *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Furthermore, the documents on file with this court show that Appellant entered into a negotiated plea agreement, the trial court assessed his punishment in accordance with the parties' plea agreement, and Appellant waived his right to appeal. The trial court's certification, which was signed by the trial court, Appellant, and Appellant's trial counsel, further certifies that Appellant has no right of appeal. The plea documents and stipulations signed and acknowledged by Appellant support the trial court's certification, and nothing demonstrates that the trial court otherwise granted Appellant permission to appeal. *See Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005). A defendant who enters into a plea agreement may appeal only: (1) those matters that were raised by written motion filed and ruled on by the trial court before trial; (2) after receiving the trial court's permission to appeal; or (3) where the specific appeal is expressly authorized by statute. TEX. R. APP. P. 25.2(a)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018). A plea-bargaining defendant may not appeal matters related to the voluntariness of his plea unless he has obtained the trial court's permission to appeal. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Carender v. State*, 155 S.W.3d 929, 931 (Tex. App.—Dallas 2005, no pet.).

Thus, even if Appellant had timely perfected an appeal, his appeal would have been prohibited by Rule 25.2 of the Texas Rules of Appellate Procedure. An appellate court must dismiss an appeal without further action when there is no certification showing that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *see Dears*, 154 S.W.3d at 613–14.

Accordingly, we dismiss the appeal.


W. STACY TROTTER

JUSTICE

September 19, 2024

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.