### Ex parte Dan WONG, Appellant.

### No. 67084.

Court of Criminal Appeals of Texas, En Banc.

Feb. 18, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an application for a post-conviction writ of habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Art. 11.07, V.A.C. C.P.

Petitioner was convicted of the offense of possession of cocaine, a controlled substance, in Cause No. 50,717 in the 147th Judicial District Court of Travis County. Punishment was assessed at imprisonment for 4 years probated.

Petitioner contends that the indictment in this case is fundamentally defective because it fails to allege an offense. A fundamentally defective indictment is subject to collateral attack. *Ex parte Charles*, 582 S.W.2d 836 (Tex.Cr.App.1979).

On the date alleged and proved, cocaine was not specifically named in a penalty group of the Controlled Substances Act. Art. 4476–15, V.A.C.S. Therefore, the indictment failed to state an offense. *Crowl v. State*, 611 S.W.2d 59 (1980); *Taylor v. State*, 610 S.W.2d 471 (1981). Petitioner is thus entitled to relief.

Accordingly, the judgment of conviction in Cause No. 50,717 is set aside and the

indictment is ordered dismissed. Petitioner is ordered discharged from all further confinement under this conviction. A copy of this opinion will be sent to the Texas Department of Corrections.

IT IS SO ORDERED.

McCORMICK, J., dissents.