**Ruben Garza CORONADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61603.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 10, 1981.

John W. Clark and Joseph R. Preston, Mission, for appellant.

Rene A. Guerra, Dist. Atty. Pro Tem., and Douglas A. Yancy, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

W. C. DAVIS, Judge.

Appellant entered a plea of not guilty before a jury to the offense of delivery of a controlled substance, to-wit: Cocaine. Art. 4476–15, § 4.03, V.A.C.S. He was convicted, and the jury assessed punishment at imprisonment in the Texas Department of Corrections for 25 years.

Appellant presents a single ground of error contending that he has been denied his right to appeal because a true and accurate record of his trial was not compiled. We need not reach this contention, however, because in reviewing the record, we have found fundamental error which requires our review in the interest of justice under Art. 40.09, § 13, V.A.C.C.P.

The records of this Court reflect that Appellant filed an application for a writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P., in the trial court during the pendency of this appeal. In his application for habeas corpus relief, Appellant contends, among other allegations, that the indictment in this case is fundamentally defective. The trial court correctly found that it did not have jurisdiction in this matter pursuant to Art. 11.07, V.A.C.C.P., since Appellant's conviction was then pending on direct appeal. The trial court then ordered the habeas corpus application and supporting papers forwarded to this Court, since the appellate record was already on file in this Court where they were filed under our writ number 8073.

A conviction is not final for the purposes of Art. 11.07, supra, until the direct appeal has been decided. *Ex parte Mayes,* 538 S.W.2d 637 (Tex.Cr.App.1976). Further, a case which has been affirmed by this Court but which is subject to a stay of execution issued by the United States Supreme Court is not final for purposes of habeas corpus relief pursuant to Art. 11.07, supra. *Houston Chronicle Publishing Company v. McMaster,* 598 S.W.2d 864 (Tex.Cr.App.1980). See and compare *Smith v. State,* 486 S.W.2d 374 (Tex.Cr.App.1972).

Although Appellant's application pursuant to Art. 11.07 is not properly before us, the application does clearly suggest fundamental error in the appeal presently pending. Treating Appellant's application as a motion to advance the appeal on this Court's docket, it is granted.[1]

On the date alleged and proved, Cocaine was not specifically named in a penalty group of the Controlled Substances Act. Therefore, the indictment failed to state an offense. *Crowl v. State,* 611 S.W. 59 (1980, State's motion for rehearing denied February 18, 1981); *Taylor v. State,* 610 S.W. 471 (Tex.Cr.App.1981); *Ex parte Wong,* 612 S.W.2d 548 (1981). The indictment in this case is, therefore, fundamentally defective for failure to state an offense.

---

1. Appellant's application has been docketed under our writ number 8073 and on this date marked "Direct Appeal Pending—No Action Necessary."

The judgment is reversed and the indictment ordered dismissed.