

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. AP-75,804

### EX PARTE NOLAN HARRELL WEBB, Applicant

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM THE 299th DISTRICT COURT
### TRAVIS COUNTY

**HOLCOMB, J., delivered the opinion of the unanimous Court.**

We filed and set Nolan Harrell Webb's post-conviction application for a writ of habeas corpus in order to determine whether his conviction is final for the purposes of Article 11.07 of the Texas Code of Criminal Procedure and, thus, whether we have jurisdiction to consider the merits of his application.[1]  We hold that Webb's conviction is final, and we deny the relief that he requests.

On July 26, 2000, a Travis County jury found Webb guilty of murder under Texas Penal Code § 19.02(b)(1).  The trial court assessed Webb's punishment at imprisonment for fifty years.

---

[1]  We have previously recognized that, under the explicit terms of Article 11.07, we do "not have jurisdiction to consider an application for [a] writ of habeas corpus . . . until the felony judgment from which relief is sought becomes final."  *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex.Crim.App. 2000).

Webb appealed, and, on November 29, 2001, the Third Court of Appeals affirmed his conviction. *Webb v. State*, No. 03-00-00613-CR (Tex.App.–Austin, Nov. 29, 2000, no pet.) (not designated for publication). On February 27, 2002, the clerk of the court of appeals, acting pursuant to Rule 18.1(a)(1) of the Texas Rules of Appellate Procedure, issued that court's mandate in Webb's case and sent that mandate to the trial court, thereby notifying the trial court that Webb's appellate process had concluded and that his conviction had become final.[2]

On November 29, 2005, Webb filed a post-conviction application for a writ of habeas corpus in the trial court. That court then forwarded the application to this Court pursuant to Article 11.07, § 3. By that application, Webb sought the right to file an out-of-time, *pro se* petition for discretionary review (PDR). He argued that he had failed to file a timely PDR because of his appellate counsel's ineffective assistance.[3] More specifically, Webb argued that he had failed to file a timely PDR because his appellate counsel had not timely notified him that the court of appeals had affirmed his conviction and that he had the right to seek discretionary review of the court of appeals's decision.[4]

The trial court, based on an affidavit from appellate counsel, recommended that we grant

---

[2] A "mandate" is an appellate court's official notice, directed to the court below, advising it of the appellate court's decision and directing it to have the appellate court's judgment duly recognized, obeyed, and executed. *See* 5 Am.Jur.2d *Appellate Review* §§ 725 & 733 (2007).

[3] If a defendant has the right, under state law, to appeal from his conviction – and, in Texas, a defendant does have such a right – then the Due Process Clause of the Fourteenth Amendment guarantees the right to counsel in the first appeal of right. *Douglas v. California*, 372 U.S. 353, 357-58 (1963). This appellate-level right to counsel comprehends the right to the effective assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985).

[4] Appellate counsel has a duty to inform his client of the result of the direct appeal and the availability of discretionary review. *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997)

Webb the relief that he sought.  On April 12, 2006, we accepted the trial court's recommendation and granted Webb leave to file an out-of-time PDR.  *Ex parte Webb*, No. AP-75,380 (Tex.Crim.App.–April 12, 2006) (not designated for publication).  In our opinion, we ordered Webb "returned to the point at which he can file a meaningful petition for discretionary review." *Ibid*.  We also ordered that "all time limits [in the applicable Texas Rules of Appellate Procedure] shall be calculated as if the Court of Appeals' decision had been rendered on the day the mandate of this Court issues." *Ibid*.  On May 8, 2006, the clerk of this Court, acting pursuant to Rule 18.1(b), issued our mandate in Webb's case and sent that mandate to the court of appeals, thereby notifying that court that Webb's appellate process had been reinstated.

On August 3, 2006, Webb filed his out-of-time PDR in the court of appeals.[5]  That court then forwarded the PDR and appellate record to this Court.  On September 27, 2006, we refused Webb's PDR.  *In re Webb*, No. PD-0715-06 (Tex.Crim.App.–Sept. 26, 2006) (not designated for publication).

On August 31, 2007, Webb filed a second post-conviction application for a writ of habeas corpus in the trial court.  That court then forwarded the application to us, along with that court's findings of fact and conclusions of law.  In his application, which is before us now, Webb seeks a new trial on the ground of prosecutorial misconduct.  More specifically, Webb argues that the prosecutor (1) withheld exculpatory evidence[6] and (2) "during cross-examination of [Webb at the guilt stage of] trial, made [false] impeachment accusations and improperly accused applicant of

---

[5]  We granted Webb an extension of time in which to file his PDR.  The habeas record does not reveal the nature of the grounds for review contained in Webb's PDR, but their nature need not concern us today.

[6]  *See Kyles v. Whitley*, 514 U.S. 419 (1995); *Brady v. Maryland*, 373 U.S. 83 (1963).

having just recently fabricated his self-defense story."

The trial court, in its findings of fact and conclusions of law, states that: (1) Webb's application "is premature" because his conviction is not final; (2) his conviction is not final because the clerk of the court of appeals did not issue a new mandate after we refused his out-of-time PDR; and (3) his prosecutorial-misconduct claims are not cognizable on habeas, in any event, because he could have raised them on direct appeal.

On December 12, 2007, we ordered Webb's application filed and set for submission "to determine whether a conviction is final for article 11.07 habeas corpus purposes when the right to file an out-of-time PDR has been granted, such a PDR has been filed but refused by this Court, and the court of appeals neither withdrew the original mandate nor issued a new one after the out-of-time PDR was refused." *Ex parte Webb*, No. AP-75,804 (Tex.Crim.App.–Dec. 12, 2007) (not designated for publication). We also ordered the parties to brief this issue.

In his brief to this Court, Webb argues that, "since issuance of the mandate is a ministerial, non-discretionary act, we should look [when determining the finality of a conviction] to the date the mandate was supposed to have issued, not the date upon which the paper mandate [was actually] issued." He argues further that, "in the instant case, the mandate should be deemed to have issued ten days after September 27, 2006 [the date this Court refused his out-of-time PDR], or October 7, 2006, thus conferring jurisdiction on this Court to entertain the writ application filed August 31, 2007."

In its response brief, the State argues that: (1) for the purposes of Article 11.07, a conviction from which a defendant has appealed becomes final only when the court of appeals issues its mandate; (2) the court of appeals's mandate in this case, issued on February 27, 2002, "became

ineffective when this Court granted [Webb leave to file an] out-of-time PDR"; and (3) the court of appeals "must re-issue [another mandate] to conclude [Webb's] appeal and give this Court jurisdiction pursuant to article 11.07."

As we noted previously, on November 29, 2001, the court of appeals affirmed Webb's conviction in an unpublished opinion. On February 27, 2002, the clerk of the court of appeals issued that court's mandate and sent it to the trial court, thereby notifying the trial court that Webb's appellate process had concluded and that his conviction had become final. On April 12, 2006, we granted Webb leave to file an out-of-time PDR. On May 8, 2006, the clerk of this Court issued our mandate and sent it to the court of appeals, thereby notifying that court that Webb's appellate process had been reinstated. Then, on September 27, 2006, we refused Webb's out-of-time PDR.

Is Webb's conviction now final for the purposes of Article 11.07? We conclude that it is. It has long been the rule that a conviction from which an appeal has been taken is final for the purposes of Article 11.07 when the clerk of the court of appeals issues that court's mandate. *See Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex.Crim.App. 2000); *Ex parte Coronado*, 617 S.W.2d 265, 266 (Tex.Crim.App. 1981); *Carter v. State*, 510 S.W.2d 323, 324 (Tex.Crim.App. 1974).[7] We adhere to that rule today. Therefore, Webb's conviction became final for the purposes of Article 11.07 when, on February 27, 2002, the clerk of the court of appeals issued that court's mandate in Webb's case. When, on May 8, 2006, the clerk of this Court issued our mandate to the court of appeals, thereby notifying that court that Webb's appellate process had been reinstated, the effect of our mandate, with respect to the finality requirement of Article 11.07, was not to render the court

---

[7] It is also the rule that a conviction from which an appeal has been taken is final for the purposes of punishment-enhancement when the clerk of the court of appeals issues that court's mandate. *See Beal v. State*, 91 S.W.3d 794, 796 (Tex.Crim.App. 2002).

of appeals's mandate ineffective but rather merely to hold the court of appeals's mandate temporarily dormant until such time as we could dispose of Webb's out-of-time PDR. The court of appeals was not required to recall its mandate or have its clerk issue a new mandate once we refused Webb's PDR.

Having concluded that Webb's conviction is final for the purposes of Article 11.07, we now turn to the merits of his application for habeas corpus relief. As we noted previously, Webb seeks a new trial on the basis of prosecutorial misconduct. Our review of the record reveals, however, that the factual bases for Webb's claims were known to him at the time of trial and, therefore, that he could have raised such claims on direct appeal. That being the case, Webb's claims, as the trial court noted, are not cognizable on habeas. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex.Crim.App. 2004). Accordingly, we deny the relief requested.

DELIVERED NOVEMBER 26, 2008

PUBLISH