IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,930-03






EX PARTE DAVID LAMAR TARBUTTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-1864-95-B IN THE 93RD JUDICIAL DISTRICT COURT


FROM HIDALGO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count each
of possession of child pornography, indecency with a child by exposure, aggravated sexual assault
of a child, and indecency with a child by contact. He was sentenced to 10 years' imprisonment each
for the possession of child pornography and indecency by exposure counts, thirty years'
imprisonment for the aggravated sexual assault count, and fifteen years' imprisonment for the
indecency by contact count, all running concurrently. The Thirteenth Court of Appeals affirmed his
conviction. Tarbutton v. State, No. 13-98-101-CR (Tex. App. - Corpus Christi, July 22, 1999, pet.
ref'd.). Although the trial court finds that no mandate has issued since this Court granted Applicant
the right to file an out-of-time PDR, this Court has held that in such a situation the court of appeals's
mandate becomes temporarily dormant until such time as this Court disposes of the applicant's out-of-time PDR, and the court of appeals is not required to issue a new mandate once the out-of-time
PDR is disposed. Ex parte Webb, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008). Therefore,
Applicant's conviction is final for purposes of Article 11.07 habeas review. 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to file or adopt Applicant's pro se motion for a new trial, and failed to raise
specific points of error on direct appeal. Applicant alleges that appellate counsel should have raised
denial of a unanimous jury verdict, and double jeopardy violation as points of error on direct appeal. 
 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's appellate counsel with the opportunity to respond to Applicant's claims
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the jury charge on count three of the
indictment allowed a non-unanimous verdict on the offense of aggravated sexual assault of a child. 
The trial court shall make findings as to whether an objection was made to the charge on this basis,
and as to whether Applicant raised this issue in his motion for trial. The trial court shall also make
findings as to whether the offense alleged in count two of the indictment, indecency with a child by
exposure, was based on the same incident as the aggravated sexual assault offense charged in count
three of the indictment, and if so, whether trial counsel argued that the exposure was subsumed by
the aggravated sexual assault. The trial court shall make findings as to whether this issue was raised
in Applicant's motion for new trial. The trial court shall make findings as to whether a hearing was
held on the motion for new trial, and if not, why not. The trial court shall make findings as to
whether the performance of Applicant's appellate attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 16, 2011

Do not publish