IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0634-13






CLIFTON D. HARVIN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


MONTAGUE COUNTY





 Cochran, J., filed a statement concurring in the refusal of appellant's
petition, in which Alcala, J., joined.



 On July 9, 2009, appellant filed an application for a writ of habeas corpus raising
several claims, including actual innocence and ineffective assistance of his trial counsel. (1) 
Appellant also raised a claim that his appellate lawyer was ineffective for failing to tell him
that his conviction was affirmed on appeal, and he requested an opportunity to file an out-of-time petition for discretionary review. (2) Because he was entitled to an out-of-time PDR, this
Court granted his request and dismissed the rest of his claims without prejudice. (3) However,
appellant has used this PDR to raise claims of actual innocence and Brady (4) violations that
the court of appeals did not address on direct appeal. As the court of appeals explained
almost ten years ago, these are claims that should be raised in an application for a writ of
habeas corpus under Article 11.07. (5) I concur in the Court's decision to deny appellant's
PDR, but write separately to clarify why we have not addressed his Brady and actual-innocence claims and to emphasize that he may still raise those claims in an application for
a writ of habeas corpus.

 In 1996, appellant pled guilty to aggravated sexual assault of his young daughter and
was placed on ten years' deferred adjudication community supervision. (6) At the time of his
plea, appellant and his wife were in the middle of a hotly contested divorce case. About a
year and a half later, appellant claimed that he was actually innocent of sexually molesting
his daughter; he took and passed two polygraph tests. During the next five years he
repeatedly requested the trial judge to terminate his community supervision based on
innocence. (7) Despite hearing appellant's motions, the trial court declined to rule on them. (8) 

 In 2003, the State filed a motion to adjudicate. (9) Appellant responded with a "motion
to withdraw the motion to revoke, to withdraw his guilty plea, and to dismiss the underlying
felony due to newly discovered exculpatory evidence." (10) The trial court denied appellant's
motion, adjudicated him guilty, and sentenced him to sixty years in prison. (11) On direct
appeal, the court of appeals affirmed appellant's conviction and sentence. It declined to
address the trial judge's refusal to rule on appellant's motion to terminate community
supervision based on actual innocence. (12) The court also gave appellant a "Helpful Hint from
Heloise" by noting that appellant's proper remedy was to file a post-conviction application
for a writ of habeas corpus. (13)

 Four years later, appellant did take that helpful hint, but he also shot himself in the
foot: He included, in that application, a meritorious claim that he was entitled to an

opportunity to file an out-of-time PDR because his appellate counsel was ineffective for
failing to tell him that the court of appeals had affirmed his conviction. (14) Because granting
appellant's request to file an out-of-time PDR revived his direct appeal, the mandate of the
court of appeals was no longer final. (15) We therefore did not address any additional claims
raised in appellant's habeas application because, at that point, his conviction was not final,
so an Article 11.07 post-conviction remedy was no longer appropriate. We dismissed those
other claims without prejudice. (16) Appellant then filed his PDR with this Court on August 13,
2013.

 We may not grant appellant's petition for discretionary review because he raises
actual-innocence and Brady claims that were not addressed by the court of appeals. We
review the decisions of the court of appeals, and if the court of appeals has not addressed and
resolved a particular issue, we will not do so on discretionary review. (17) Given the record on
direct appeal, appellant's current claims may only be resolved in a post-conviction habeas
proceeding. 

 We have long held that the incarceration of an innocent person is a violation of due
process and that a writ of habeas corpus is a proper method to obtain relief. (18) A person who
originally pled guilty to a crime may still claim actual innocence in a writ of habeas corpus. (19)
But a person may not file an Article 11.07 application for habeas corpus relief until his direct
appeal has been decided and his conviction is "final." (20) A conviction is "final" once the
mandate has issued. (21)

 Because we deny appellant's petition for discretionary review, the original mandate
issued by the court of appeals in 2005 is now revived and appellant's conviction is "final." (22) 
At this point, appellant's proper remedy is through a post-conviction writ of habeas corpus. (23)
Appellant's claims are no longer "premature," and he may now file a new habeas corpus
application and "redraft his claims to more clearly explain his contentions. . . ." (24) 

 With these comments, I join in the Court's refusal of appellant's petition for
discretionary review.

Filed: October 30, 2013

Do Not Publish
1. Ex parte Harvin, No. AP-76914, 2013 WL 2112366, *3 n.3 (Tex. Crim. App. May 15, 2013)
(not designated for publication). 
2. Id. at *1.
3. Id. at *5.
4. Brady v. Maryland, 373 U.S. 83 (1963).
5. Harvin v. State, No. 02-04-294-CR, 2005 WL 2402731, *2 (Tex. App.- Fort Worth Sept.
29, 2005) (mem. op., not designated for publication).
6. Id. at *1. 
7. Id. 
8. Id.
9. Id. 
10. Id. at *2. 
11. Id. at *2. 
12. The court of appeals did note that, before he was adjudicated, appellant could have filed
an application for a writ of mandamus with the court of appeals asking that court to require the trial
judge to timely rule on his motions. Id. at *2. 
13. Id. at *2 ("At this point in time, however, his proper remedy [for his actual innocence
claim] is a post-conviction application for a writ of habeas corpus pursuant to article 11.07 of the
Texas Code of Criminal Procedure. The hearing on the article 11.07 writ allows a defendant to make
the necessary record; a record which we do not sufficiently have before us.").
14. Ex parte Harvin, No. AP-76914, 2013 WL 2112366, *1, 5 (Tex. Crim. App. May 15, 2013)
(not designated for publication). 
15. Ex parte Webb, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008) (effect of granting the
defendant's request to file an out-of-time petition for discretionary review is to hold the court of
appeals's mandate temporarily dormant, not becoming final until this court disposes of the PDR). 
16. Harvin, 2013 WL 2112366, at *5.
17. See Stringer v. State, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007) (this court reviews
"decisions" of the courts of appeals on discretionary review; issues that the lower court did not pass
upon are not ordinarily ripe for our review); Lee v. State, 791 S.W.2d 141, 142 (Tex. Crim. App.
1990).
18. Ex parte Elizondo, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996); see Tex. Code Crim.
Proc. art. 11.07 (explaining the proper procedure for a post-conviction writ of habeas corpus based
on innocence). 
19. Ex parte Tuley, 109 S.W.3d 388, 391-92 (Tex. Crim. App. 2002).
20. Ex parte Brown, 662 S.W.2d 3 (Tex. Crim. App. 1983).
21. See Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000); see also Ex parte
Bearman, No. WR-76823-01, 2012 WL 243693, *1 (Tex. Crim. App. Jan. 25, 2012) (not designated
for publication) (Johnson, J., concurring in dismissal) ("A felony conviction becomes final when
there is no appeal from the conviction or, if the conviction is appealed and affirmed, when the
mandate of the appellate court issues. Applications [for habeas corpus relief] that are filed before a
conviction is final must be dismissed.").
22. Ex parte Webb, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008) (when this Court denies out-of-time PDR, the conviction is final for purposes of filing an art. 11.07 writ application; the original
mandate issued by the court of appeals springs back to life; "The court of appeals was not required
to recall its mandate or have its clerk issue a new mandate once we refused [inmate's] PDR.").
23. Habeas corpus proceedings under Article 11.072 would have been appropriate had
appellant filed his writ application while he was on community supervision. But because appellant
has since been adjudicated, he must file a post-conviction writ application under Article 11.07
instead.
24. Harvin, 2013 WL 2112366, at *3 n.3.