IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1596-12






JAMES GARZA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Keasler, J., delivered the opinion of the Court, in which Meyers, Price,
Womack, and Hervey, JJ., join. Price, J., filed a concurring opinion, in which
Womack, J., joined. Cochran, J., filed a concurring opinion, in which Alcala, J.,
joined. Alcala, J., filed a concurring opinion, in which Johnson and Cochran, JJ.,
joined. Keller, P.J., filed a dissenting opinion.


O P I N I O N 


 On appeal, James Garza contested the imposition of his life-without-parole sentence
arguing that, because he was a juvenile, the sentence violated his Eighth Amendment rights
as defined by the United States Supreme Court's decision in Miller v. Alabama. The Fourth
Court of Appeals refused to review his claim and held that, by failing to lodge an objection
in the trial court, Garza has forfeited this claim on appeal. We reverse the court of appeals'
decision because it conflicts with this Court's subsequently delivered opinion in Ex parte
Maxwell.

 In November 2011, a jury convicted James Garza of capital murder for his
involvement in the stabbing death of the complainant for the purpose of stealing the
complainant's car. The State waived the death penalty because Garza was a juvenile at the
time of the capital murder. Immediately upon conviction, Garza was sentenced to life
without parole pursuant to Texas Penal Code § 12.31(b), as it existed at the time. No
sentencing hearing was conducted, and "[n]o objection was voiced to the procedure
employed or to the imposition of the sentence imposed." (1) 

 In a single issue on appeal, Garza claimed that his life-without-parole sentence
violated the Eight Amendment's prohibition against cruel and unusual punishment because
his status as a juvenile bars the punishment imposed. Garza cited the United States Supreme
Court's 2012 opinion in Miller v. Alabama (2) in support of his claim. The court of appeals
affirmed the trial court's judgment without addressing the merits of Garza's claim because
it found that the issue had not been preserved for review. (3) 

 Garza asserts that the court of appeals erred by deciding the procedural-default issue
under general preservation-of-error principles without considering whether Garza's claim
must be preserved in light of our opinion in Marin v. State. (4) Texas Rule of Appellate
Procedure 33.1 establishes the general requirement that a contemporaneous objection must
be made to preserve error for appeal. (5) But in Marin, we held that the general preservation
requirement does not apply to all claims. There, we separated the rights of a defendant into
three categories:


 The first category of rights are those that are "widely considered so fundamental to
the proper functioning of our adjudicatory process . . . that they cannot be forfeited
. . . by inaction alone." (6) These are considered "absolute rights." (7)

 The second category of rights is comprised of rights that are "not forfeitable"--they
cannot be surrendered by mere inaction, but are "waivable" if the waiver is
affirmatively, plainly, freely, and intelligently made. (8) The trial judge has an
independent duty to implement these rights absent any request unless there is an
effective express waiver. (9)

 Finally, the third category of rights are "forfeitable" and must be requested by the
litigant. (10) Many rights of the criminal defendant, including some constitutional rights,
are in this category and can be forfeited by inaction. (11) 



Rule 33.1's preservation requirements do not apply to rights falling within the first two
categories. (12) Barring these two narrow exceptions, all errors--even constitutional
errors--may be forfeited on appeal if an appellant failed to object at trial. (13) Although it did
not reference Marin specifically, the court of appeals relied on this Court's previous cases,
in addition to several other courts of appeals' decisions, generally holding that Eighth
Amendment issues are forfeited if not raised in the trial court. (14) The court of appeals reached
this conclusion without the benefit of our opinion in Ex parte Maxwell. (15) A careful reading
of Maxwell indicates that a majority of this Court has already passed on this issue--if only
by necessary implication. 

 In Maxwell, a majority of the Court--over two dissenting opinions joined by a total
of four judges--held that the rule announced in Miller was a new substantive rule, as
opposed to a procedural rule, and therefore applied retroactively. (16) In so holding, the
majority concluded that Miller "puts a juvenile's mandatory 'life without parole' sentence
outside the ambit of the State's power." (17) It was Maxwell's status as a juvenile, so went the
analysis, that precluded imposing the life-without-parole sentence he received. (18) While on
its face, Maxwell appeared to address a pure retroactivity question, (19) it held by necessary
implication that a claim asserting an Eighth Amendment violation under Miller was not
subject to procedural default. The majority opinion specifically acknowledged that, on direct
appeal, the court of appeals "rejected [Maxwell's] claim that his automatic sentence violated
the Eighth Amendment because he had never raised that claim in the trial court." (20) 
Nonetheless, the majority granted Maxwell habeas corpus relief by vacating his life-without-parole sentence and remanding the case for further sentencing proceedings permitting the
factfinder to determine whether Maxwell's sentence should be assessed at life with or
without parole. (21) 

 While this case presents a question of error preservation on appeal and not in a
collateral proceeding, the preservation requirement overlaps substantially, and the
requirement in each context informs the other. (22) It has become a staple in our habeas corpus
jurisprudence that preservation of error is generally a prerequisite to being granted relief. (23)
In their treatise, Professors Dix and Schmolesky correctly summarize our case law on the
topic thus:

 Generally, all of the reasons that support the need for a matter to have
been raised at trial when the matter is relied upon in direct appeal apply
equally or more forcefully when a matter is relied upon in postconviction
habeas corpus. Most likely, then, if a matter is one that could be relied upon
on appeal only if the defendant called it to the attention of the trial judge in a
timely manner and requested appropriate relief, similar action will be held
necessary to "preserve" the matter for consideration on habeas corpus.


 . . . .

 

 The nature of collateral attack, moreover, suggests that even a more
stringent standard than is applied on direct appeal might at least sometimes be
appropriate in the habeas corpus context. (24)


Like the result of forfeiture by inaction in the trial court, this Court will not review the merits
of a habeas corpus claim if an applicant had the opportunity to raise the issue on appeal. (25) 
We have held that even constitutional claims are forfeited if an applicant had the opportunity
to raise the issue on appeal. (26) This principle stemmed from the oft-quoted axiom "The Great
Writ should not be used in matters that should have been raised on appeal." (27) And "the trend
of this Court has been to draw stricter boundaries regarding what claims may be advanced
on habeas." (28) 

 However, by reaching the merits of Maxwell's claim, the Maxwell majority held,
perforce, that Maxwell's Miller claim was not subject to procedural default. This implied
holding was a condition precedent to granting relief; it was a threshold through which the
Court allowed Maxwell's claim to pass. Without it, the Court could not entertain the merits
of Maxwell's claim consistent with our established case law, much less grant relief on it. 
Maxwell's result decided the issue before us today: substantive status-based or
individualized-sentencing claims under the Eighth Amendment and embraced by Miller are
not forfeited by inaction. We therefore may not conclude today that Garza's Miller claim is
forfeited on appeal without an objection at trial and at the same time adhere to the Court's
opinion in Maxwell. Failing to consider Maxwell's effect on the instant case denies Maxwell
the force of precedent deserving of an opinion that received the support from a majority of
the Court. Until such time as the United States Supreme Court calls this Court's
characterization of the Miller rule into doubt, we are bound by Maxwell's express and
necessarily implied holdings.

 We do find limits on Maxwell's implied holding, though. In granting Maxwell habeas
corpus relief, the Maxwell majority did not purport to discern whether his Miller claim fell
within Marin's "absolute prohibitions" or "waiver-only" category. It was sufficient for the
majority opinion to hold that Maxwell's claim was simply not forfeited. Likewise, this case
does not require that we further define where in Marin's categorical structure a Miller claim
is properly placed. We reserve such a decision for a matter that properly presents the issue.
Maxwell sufficiently addressed the propriety of the court of appeals' holding we are called
upon to review. 

 Accordingly, we hold that Garza's claim was not forfeited by his failure to urge his
claim in the trial court. The court of appeals' judgment is reversed, and the case is remanded
for further proceedings consistent with this opinion.


DELIVERED: June 11, 2014

PUBLISH
1. Appellant's Br. 4.
2. 132 S.Ct. 2455 (2012) (holding that the mandatory imposition of a life-without-parole sentence upon a juvenile is unconstitutional).
3. Garza v. State, No. 04-11-00891-CR, 2012 WL 5236048, at *1 (Tex.
App.--San Antonio Oct. 24, 2012) (mem. op, not designated for publication). 
4. 851 S.W.2d 275 (Tex. Crim. App. 1993), overuled on other grounds by Cain v.
State, 947 S.W.2d 262 (Tex. Crim. App. 1997).
5. Tex. R. App. Pro. 33.1(a) (requiring that, as a prequisite to presenting a
complaint on appeal, the record show a complaint was made to the trial court alleging
specific grounds for the objection that comply with the Rules of Evidence and that the
trial court ruled, or refused to rule on, the objection.).
6. Marin, 851 S.W.2d at 278.
7. Id. at 279.
8. Id. at 279-80.
9. Id.
10. Id. 
11. Id. at 279.
12. See id. at 279-80.
13. Fuller v. State, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).
14. Garza, 2012 WL 5236048, at *2 (citing Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App.1996), Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App.1995),
Ham v. State, 355 S.W.3d 819, 825 (Tex. App.--Amarillo 2011, pet. ref'd), Noland v.
State, 264 S.W.3d 144, 152 (Tex. App.--Houston [1st Dist.] 2007, pet. ref'd), and
Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.--Houston [14th Dist.] 2001, pet.
ref'd)). 
15. Ex parte Maxwell, 424 S.W.3d 66 (Tex. Crim. App. Mar. 12, 2014).
16. Id. at 73-76.
17. Id. at 75 (emphasis in original).
18. Id.
19. See id. at 67-68. ("We ordered that this application be filed and set to decide if
Miller v. Alabama applies retroactively to a claim raised in a post-conviction proceeding,
and, if so, what remedy is appropriate.").
20. Id. at 68.
21. Id. at 76.
22. See generally Ex parte Crispen, 777 S.W.2d 103, 105 (Tex. Crim. App. 1989)
(stating "this Court adheres to the contemporaneous objection rule which is, generally,
that 'appellate courts will not consider any error which counsel for the accused could
have called, but did not call, to the attention of the trial court at the time when such error
could have been avoided or corrected by the trial court.'"), Ex parte Bagley, 509 S.W.2d
332, 333 (Tex. Crim. App. 1974) ("The same rule as to the necessity of an objection to
complained of evidence has been applied by this Court in habeas corpus cases."), 43B
George E. Dix & John M. Schmolesky, Criminal Practice and Procedure § 59:7
(3d ed. 2011) ("Bagley incorporates contemporaneous objection law as developed in
direct appeal cases into habeas corpus law.").
23. See, e.g, Ex parte Jimenez, 364 S.W.3d 866, 882 (Tex. Crim. App. 2012), Ex
parte Medellin, 280 S.W.3d 854, 860-63 (Tex. Crim. App. 2008), Ex parte Bagley, 509
S.W.2d at 334.
24. 43B Dix & Schmolesky at § 59:7. 
25. Ex parte Webb, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008), Ex parte
Cruzata, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007), Ex parte Townsend, 137 S.W.3d
79, 81 (Tex. Crim. App. 2004); Ex parte Bagley, 509 S.W.2d at 334.
26. E.g., Jimenez, 364 S.W.3d at 882 (holding that Applicant forfeited his claim
based on Ake v. Oklahoma, 470 U.S. 68 (1985), for failing to object at trial and pursue
claim on appeal).
27. Ex parte Banks, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).
28. Ex parte Richardson, 201 S.W.3d 712, 713 (Tex. Crim. App. 2006).