FILED IN
COURT OF CRIMINAL APPEALS

August 25, 2015

ABEL ACOSTA, CLERK

PD-0122-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/25/2015 10:29:42 AM
Accepted 8/25/2015 11:17:38 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

| | | |
|---|---|---|
| ERIC DWAYNE STEVENSON, APPELLANT | § § § | |
| v. | § | NO. PD-0122-15 |
| THE STATE OF TEXAS, APPELLEE | § § § § | |

*ON DISCRETIONARY REVIEW FROM CAUSE NUMBER 02-13-00537-CR IN THE COURT OF APPEALS FOR THE SECOND APPEALS DISTRICT OF TEXAS.*

§ § §

## STATE'S POST-SUBMISSION SUPPLEMENTAL BRIEF

§ § §

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR
Chief, Post-Conviction

STEVEN W. CONDER, Assistant
Criminal District Attorney
401 W. Belknap
Fort Worth, Texas  76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 04656510
COAAppellatealerts@tarrantcountytx.gov

LISA MCMINN
State Prosecuting Attorney
Austin, Texas

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................... ii

STATEMENT OF THE CASE ...........................................................................1

STATEMENT OF FACTS ................................................................................2

STATE'S SUPPLEMENTAL RESPONSE ......................................................3

CONCLUSION AND PRAYER ........................................................................6

CERTIFICATE OF SERVICE ..........................................................................7

CERTIFICATE OF COMPLIANCE ..................................................................8

## INDEX OF AUTHORITIES

CASES                                                                                          PAGES

*Ex parte Webb*,
  270 S.W.3d 108 (Tex. Crim. App. 2008) ...............................................5

*In re Commitment of Stevenson*
  2013 WL 5302591 (Tex. App. - Beaumont September 19, 2013).............2

*Stevenson v. State,*
  2015 WL 221816 (Tex. App. – Fort Worth Jan. 15, 2015).......................2


STATUTES

Tex. Health & Safety Code Ann. § 841.082 .......................................4, 5, 6

Tex. Health & Safety Code Ann. § 841.085(a) .......................................4, 6


RULES

Tex. R. App. P. 9.4(e) ..................................................................................8

Tex. R. App. P. 9.4(i) ..................................................................................8

Tex. R. App. P. 18.1(a)(2)...........................................................................5

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

ERIC DWAYNE STEVENSON,     §
    *APPELLANT*     §
         §
         §
V.     §     NO. PD-0122-15
         §
         §
THE STATE OF TEXAS,     §
    *APPELLEE*     §

*ON DISCRETIONARY REVIEW FROM CAUSE NUMBER 02-13-00537-CR IN THE COURT OF APPEALS FOR THE SECOND APPEALS DISTRICT OF TEXAS.*

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

The appellant was convicted of three counts of violating the civil commitment requirements for sexually violent predators by

- Engaging in contact with family members, casual relations or friends who had not been approved by his program specialist or treatment advisor;

- Failing to abide with his GPS tracking requirements by separating from his miniature tracking device; and

- Failing to make progress in his sexually violent predator treatment program resulting in his discharge.

(C.R. I:104-11).   The jury found the repeat offender notice to be true, and sentenced him to seventeen years' confinement and a $5000 fine for each

1

count. (C.R. I:116-18).

The Court of Appeals for the Second District of Texas overruled the appellant's five points of error and affirmed his conviction. *Stevenson v. State*, 2015 WL 221816 at *1-2 (Tex. App. – Fort Worth January 15, 2015) (not designated for publication).

This Court granted the appellant's petition for discretionary review on April 29, 2015. The State filed its brief on July 16, 2015. This cause was submitted on August 5, 2015. <u>See</u> *Stevenson v. State* (http://www.search.txcourts.gov/Case.aspx?cn=PD-0122-15&coa=coscca).

<u>STATEMENT OF FACTS</u>

On September 14, 2011, the appellant was found by a jury to be a sexually violent predator. (R.R. IV:38, 42, VIII:State's Exhibit #2). The trial court entered a final judgment and order of civil commitment for outpatient treatment. (R.R. IV:38, 42, VIII:State's Exhibits #1 & 2).[1] The appellant began his civil commitment on December 27, 2011, when he was assigned to a transitional living center in Fort Worth. (R.R. IV:37, 55).

---

[1] The Court of Appeals for the Ninth District of Texas affirmed the appellant's final judgment and civil commitment order on September 19, 2013. <u>See</u> *In re Commitment of Stevenson*, 2013 WL 5302591 (Tex. App. – Beaumont September 19, 2013) (not designated for publication).

On February 26, 2012, the appellant removed his tracking device and left the transition center without permission. (R.R. IV:45-46, 47-48). He was located his girlfriend's apartment. (R.R. IV:94-95). The appellant had not been approved to remove his GPS device or have contact with his girlfriend. (R.R. IV:49-51, IV:150-151).

STATE'S SUPPLEMENTAL RESPONSE

The appellant's conviction should be reformed to reflect a single count of violating his civil commitment requirements due to recent legislative changes to the civil commitment statutes.

In the 2015 session, the Texas Legislature revised the statutory language for criminally prosecuting sexually violent predators for violating their civil commitment requirements as follows:

A person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082(a)(1), (2), (4), or (5).

See 2015 Tex. Sess. Law Serv. Ch. 845 (S.B. 746) §19 (to be codified at Tex. Health & Safety Code Ann. § 841.085(a)). The Legislature also revised the civil commitment requirements as follows:

Before entering an order directing a person's civil commitment, the

judge shall impose on the person requirements necessary to ensure the person's compliance with treatment and supervision and to protect the community. The requirements shall include:

(1)  requiring the person to reside where instructed by the office;

(2)  prohibiting the person's contact with a victim of the person;

(3)  requiring the person's participation in and compliance with the sex offender treatment provided by the office and compliance with all written requirements imposed by the office;

(4)  requiring the person to:

(A)   submit to tracking under a particular type of tracking service and to any other appropriate supervision; and

(B)  refrain from tampering with, altering, modifying, obstructing, or manipulating the tracking equipment; and

(5)   prohibiting the person leaving the state without prior authorization from the office.

See 2015 Tex. Sess. Law Serv. Ch. 845 (S.B. 746) §13 (to be codified at Tex. Health & Safety Code Ann. § 841.082(a)).  These statutory changes eliminated the criminal prosecution of civilly committed sexually violent predators for:

- Possessing or using alcohol, inhalants or a controlled substance;

- Failing to participate or comply with the sex offender treatment program;

- Failing to comply with written requirements imposed by the

office or the case manager;

- Changing their residence without authorization from the judge; and

- Violating any other requirement determined necessary by the judge.

See *former* Tex. Health & Safety Code Ann. § 841.082. These statutory changes apply to the appellant because his conviction was not final on June 17, 2015.[2] See 2015 Tex. Sess. Law Serv. Ch. 845 (S.B. 746) §§41 & 44.

The 2015 statutory changes do not completely invalidate the appellant's conviction because one of his violations remains a valid basis for criminal prosecution. The appellant was convicted of violating the requirements of his civil commitment by:

1. Engaging in contact with family members, casual relations or friends who had not been approved by his program specialist or treatment advisor;

2. Failing to abide with his GPS tracking requirements by separating from his miniature tracking device; and

3. Failing to make progress in his sexually violent predator

---

2   A conviction in which an appeal has been taken is not final until the Court of Appeals has issued its mandate to the trial court. *Ex parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008). Mandate does not issue before the Court of Criminal Appeals rules on a petition for discretionary review. Tex. R. App. P. 18.1(a)(2).

treatment program resulting in his discharge. (C.R. I:104-11).

The State acknowledges that violations #1 and 3 are no longer valid bases for a criminal prosecution; however, violation #2 (tampering with, obstructing or manipulating his tracking equipment by separating from it; thereby, removing himself from any tracking) remains a valid basis for criminal prosecution. See Tex. Health & Safety Code Ann. §§ 841.082(a), 841.085(a). Thus, the appellant's convictions should be reformed to reflect this single criminal violation of his civil commitment requirements.[3]

## CONCLUSION AND PRAYER

The appellant's convictions for violating the civil commitment requirements for sexually violent predators should be reformed to reflect a single criminal violation.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney

---

[3] Reformation of the appellant's convictions to reflect a single criminal violation of his civil commitment requirements renders moot his ground for review that his multiple convictions violate his protection against double jeopardy.

6

Tarrant County, Texas

DEBRA WINDSOR
Chief, Post-Conviction

/s/ Steven W. Conder
STEVEN W. CONDER, Assistant
Criminal District Attorney
401 W. Belknap
Fort Worth, Texas  76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 04656510
COAAppellatealerts@tarrantcountytx.gov

LISA MCMINN
State Prosecuting Attorney
Austin, Texas


## CERTIFICATE OF SERVICE

True copies of the State's post-submission supplemental brief have been electronically served on opposing counsel, the Hon. Scott Walker (scott@lawyerwalker.com), 222 W. Exchange Avenue, Fort Worth, Texas 76164; and the State Prosecuting Attorney, the Hon. Lisa McMinn (information@spa.texas.gov), P.O. Box 13046, Austin, Texas 78711-3046, on this, the 25th day of August, 2015.

/s/ Steven W. Conder
STEVEN W. CONDER

7

<u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e). It has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document complies with the word-count limitations of Tex. R. App. P. 9.4(i). It contains approximately 827 words, excluding those parts exempted, as computed by Microsoft Office Word 2010.

<u>/s/ Steven W. Conder</u>
STEVEN W. CONDER

c18.stevenson eric dwayne.br/cca/supplemental