

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00464-CR
### NO. 02-15-00465-CR

DAVID ALLEN RUSSELL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 0750351D, 0747847D

----------

## MEMORANDUM OPINION[1]

----------

These appeals arise out of Appellant David Allen Russell's 2010 convictions for indecency with a child by contact. We previously affirmed those convictions on direct appeal.[2] The convictions became final when our mandate

---

[1]See Tex. R. App. P. 47.4.

[2]See *Russell v. State*, 341 S.W.3d 526, 528 (Tex. App.—Fort Worth 2011, no pet.).

issued on June 16, 2011. *See Ex parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008) ("It has long been the rule that a conviction from which an appeal has been taken is final . . . when the clerk of the court of appeals issues that court's mandate.").

On September 17, 2015, Russell filed—in both trial court cases—a "Motion to Reform Judgment," asking that the trial court reduce his sentences due to alleged ineffective assistance of counsel during the hearing on the State's motion to revoke his community supervision. The motion also complains that Russell's prior application for writ of habeas corpus was erroneously denied by the court of criminal appeals and requests the trial court set a hearing on the motion. The motion remains pending in both cases. Russell filed notices of appeal, stating that "it has been more than sixty (60) days since the motion to reform the sentence[s] . . . and [it] should be ruled upon . . . ."

We generally do not have jurisdiction over proceedings related to a collateral attack of a final felony conviction. *See, e.g.*, *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (explaining that the exclusive post-conviction remedy with regard to final felony convictions is through a writ of habeas corpus); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (holding that the court of criminal appeals is "the only court with jurisdiction in final post-conviction felony proceedings"). We also lack jurisdiction when the trial court has not entered any appealable orders. *See McKown v. State*, 915 S.W.2d 160, 160 (Tex. App.—Fort Worth 1996, no

2

pet.) ("Because we find that this appeal does not concern an appealable order, we dismiss this appeal for want of jurisdiction.").

On December 23, 2015, we sent a letter to Russell to inform him that we received his notices of appeal and that we were concerned that we lacked jurisdiction over the appeals because the trial court had not entered any appealable orders. We informed Russell that we would dismiss the appeals for want of jurisdiction unless he or any party desiring to continue the appeals filed a response showing grounds for continuing them within ten days. Although Russell filed a response, it does not raise grounds for continuing these appeals.

The trial court has not entered any appealable order, and the court of criminal appeals—not the trial court or us—has exclusive jurisdiction over Russell's post-conviction felony challenge. *See Olivo*, 918 S.W.2d at 525 n.8; *Ater*, 802 S.W.2d at 243; *McKown*, 915 S.W.2d at 160.[3] Accordingly, these appeals are dismissed for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

---

[3]Alternatively, to the extent Russell's notices of appeal could be liberally construed as petitions for writs of mandamus, he has failed to demonstrate that the trial court has jurisdiction to rule on his motion. *See In re Belton*, No. 12-13-00293-CR, 2014 WL 2003108, at *1 (Tex. App.—Tyler May 14, 2014, no pet.) (orig. proceeding) (mem. op., not designated for publication) ("Unless the trial court has jurisdiction, mandamus is not available to compel the court to rule on a motion that is filed after the judgment becomes final.").

3

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 25, 2016