**Order issued May 22, 2018**



**In The**

# Court of Appeals

**For The**

# First District of Texas

---

### NO. 01-16-00336-CR

---

**LOUIS R. CLEMONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1396258**

---

### ORDER

Appellant, Louis R. Clemons, an inmate proceeding pro se, moves to recall this Court's mandate, seeking to file an out-of-time motion for rehearing in this Court and an out-of-time petition for discretionary review in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 18.7.

We **deny** appellant's motion.

A jury found appellant guilty of the offense of aggravated robbery. After finding true the allegations in the enhancement paragraphs that he had twice previously been convicted of felony offenses, the jury assessed his punishment at confinement for 99 years. On August 17, 2017, this Court affirmed the judgment of the trial court. *Clemons v. State*, No. 01-16-00336-CR, 2017 WL 3526721, at *9 (Tex. App.—Houston [1st Dist.] Aug. 17, 2017, no pet.) (mem. op., not designated for publication). Any motion for rehearing was due by September 1, 2017. *See* TEX. R. APP. P. 49.1. A petition for discretionary review, if any, was due by September 18, 2017. *See* TEX. R. APP. P. 68.2(a). There being no motion for rehearing or petition for discretionary review filed, our plenary power over our judgment expired on October 16, 2017. *See* TEX. R. APP. P. 19.1(a). We issued our mandate on October 27, 2017.

Appellant asserts that he was not afforded an opportunity to timely file a motion for rehearing in this Court or to timely file a petition for discretionary review in the Court of Criminal Appeals because he did not receive notice of this Court's August 17, 2017 opinion and judgment. This Court's records reflect that, due to an administrative error, notice of the opinion and judgment was not sent to the parties. Appellant, seeking to file an out-of-time motion for rehearing in this Court and an out-of-time petition for discretionary review in the Court of Criminal Appeals, requests that this Court withdraw its mandate.

We **deny** appellant's request to file an out-of-time motion for rehearing. Because this Court's plenary power has expired, we are without jurisdiction to vacate or modify our judgment. *See* TEX. R. APP. P. 19.1, 19.3.

Only the Court of Criminal Appeals may enlarge the time for filing a petition for discretionary review. TEX. R. APP. P. 68.2(c). Consequently, the Court of Criminal Appeals is the proper forum to grant such an extension of time. Should the Court of Criminal Appeals grant appellant leave to file an out-of-time petition for discretionary review, this Court will withdraw its mandate as directed by the Court of Criminal Appeals. *See Ex parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008) (holding court of appeals not required to recall its mandate for defendant to seek out-of-time petition for discretionary review). We decline to withdraw our mandate at this time. *See id.*; *see also* TEX. R. APP. P. 19.3 (providing that court of appeals "may" recall its mandate). Accordingly, the motion to withdraw the mandate is **denied**.

It is so **ORDERED.**

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Massengale.

Massengale, J., concurring.

Do not publish. TEX. R. APP. P. 47.2(b).