**DISMISSED and Opinion Filed April 6, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00254-CV**

**IN RE WILLIAM SEDRIC AUTREY, Relator**

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-81194-10**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Breedlove
Opinion by Justice Molberg

William Sedric Autrey was convicted of four counts of engaging in organized criminal activity and sentenced to four consecutive life terms. Relator appealed his convictions but then voluntarily dismissed the appeal. *See Autrey v. State*, No. 05-14-01381-CR, 2015 WL 5883730 (Tex. App.—Dallas Oct. 8, 2015, no pet.) (per curiam) (mem. op., not designated for publication). The Court issued its mandate on October 8, 2015.

In this original proceeding, relator seeks mandamus relief regarding an order issued by the 416th Judicial District Court in 2010 permitting police to attach a mobile tracking device to his vehicle. Relator contends the trial court abused its discretion in denying his motion to suppress evidence gleaned from a traffic stop he

alleges occurred because of information from the tracking device. Relator petitions to have the tracking order declared void, the evidence from the traffic stop suppressed, and to have his convictions overturned to restore him to the status of awaiting trial.[1]

Relator's petition, although couched as seeking mandamus relief, seeks to undermine his convictions and thus actually requests article 11.07 habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, §1; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *In re Turcios*, No. 05-20-00705-CV, 2020 WL 4745544, at *1 (Tex. App.—Dallas Aug. 17, 2020, orig. proceeding) (mem. op, not designated for publication). After a final felony conviction, the court of criminal appeals has exclusive authority to grant post-conviction habeas relief. *See* TEX. CODE CRIM. PROC. art. 11.07, § 5; *Bd. of Pardons and Paroles ex rel. Keene v. The Eighth Court of Appeals*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding) (per curiam).

---

[1] This case addresses relator's request for mandamus relief against the 296th Judicial District Court. In the same mandamus petition, relator requests relief on the same grounds on a separate conviction for aggravated robbery in the 204th Judicial District Court. We address relator's mandamus action against the 204th Judicial District Court separately in cause no. 05-23-00255-CV. Relator's petition also raises the issue of mandamus against the 416th Judicial District Court for issuing the tracking order. Because it appears that the tracking order was used only in the proceedings in the 204th and 296th Judicial District Courts, and because we conclude we have no jurisdiction over the issues relator raises, the Court declines to open a separate case regarding the 416th Judicial District Court. We note that in subsequent letters seeking to explain his mandamus filings, relator has stated that he intended to seek mandamus relief against the 204th and 296th Judicial District Courts.

Relator contends that because his convictions arose from the void tracking order, they are not final, and he should not be required to seek habeas relief under article 11.07 of the code of criminal procedure in the court of criminal appeals. However, a conviction becomes final for purposes of applying article 11.07 when the appellate court issues its mandate. *Ex parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008). Because the mandate issued on relator's case in 2015, his convictions are final. *Id*.

We do not have jurisdiction to consider an original application for writ of habeas corpus arising from a criminal proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; TEX. GOV'T CODE ANN. § 22.221(d); A*yers*, 515 S.W.3d at 356–57; *Turcios*, 2020 WL 4745544, at *1. When a relator files a petition for writ of mandamus requesting only habeas relief that should be brought in an article 11.07 habeas application, the proper course is to dismiss the petition for want of jurisdiction. A*yers*, 515 S.W.3d at 356–57; *Turcios*, 2020 WL 4745544, at *2.

Accordingly, we dismiss the petition for want of jurisdiction.

/Ken Molberg/
KEN MOLBERG
JUSTICE

230254F.P05

–3–